L. W. BILLINGSLEY v. J. C. RICKETTS.

[FILED JULY 1, 1891.]

Ejectment: BREAK IN CHAIN OF TITLE SUPPLIED BY PAROL. In an action of ejectment, where a deed was omitted in the chain of the defendant's title, but there was proof tending to show that such a deed had, in fact, been executed but not recorded, *held*, that a judgment in favor of the defendant conformed to the testimony and is affirmed.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*L. W. Billingsley*, and *Pound & Burr*, for plaintiff in error, cited: 1 Greenl., Ev., secs. 113, 114; *Vicksburg R. Co. v. O'Brien*, 119 U. S., 99; *Durkee v. R. Co.*, 69 Cal., 533; *Luby v. R. Co.*, 17 N. Y., 131; *Williamson v. R. Co.*, 144 Mass., 148; *Wilson v. Barkalow*, 11 O. St., 470; *Crete v. Childs*, 11 Neb., 256; *Harrison v. Baker*, 15 Id., 47; *Frederick v. Kinzer*, 17 Id., 367; *Brant v. Coal Co.*, 93 U. S., 336; *Ferris v. Coover*, 10 Cal., 631; *Gray v. Bartlett*, 20 Pick. [Mass.], 193; *Odlin v. Gove*, 41 N. H., 477; *Hill v.*

*Epley,* 31 Pa. St., 334; *McCune v. McMichael,* 29 Ga., 312; *Knouff v. Thompson,* 16 Pa. St., 363; *Crest v. Jack,* 3 Watts [Pa.], 240; *Gore v. White,* 20 Wis., 425; *Plummer v. Mold,* 22 Minn., 15; *Mayo v. Cartwright,* 30 Ark., 407; *Patterson v. Esterling,* 27 Ga., 207; *Bigelow v. Topliff,* 25 Vt., 273; *Hill v. Epley,* 31 Pa. St., 331; *Mason v. Philbrook,* 69 Me., 57; *Tongue's Lessee v. Nutwell,* 17 Md., 212; *Fisher v. Mossman,* 11 O. St., 42; *Brown v. Tucker,* 47 Ga., 485; *Pence v. McPherson,* 30 Ind., 66; *B. & O. R. Co. v. Strauss,* 37 Md., 237; *East v. Dolihite,* 72 N. Car., 562; *McGarrity v. Byington,* 12 Cal., 426; *Dellett v. Kemble,* 23 N. J. Eq., 58.

*Lamb, Ricketts & Wilson, contra,* cited: *McCann v. Atherton,* 106 Ill., 31; *Warrall v. Munn,* 5 N. Y., 229; *Cocks v. Barker,* 49 Id., 107; *Ordinary v. Thatcher,* 41 N. J. L., 403; *Beers v. Beers,* 22 Mich., 42; *C. W. & Z. R. Co. v. Iliff,* 13 O. St., 235; *Plank Road Co. v. Stevens,* 10 Ind., 1; *Wight v. Shelby,* 16 B. Mon. [Ky.], 4; *Duncan v. Pope,* 47 Ga., 445; 2 Herman, Estoppel, 1053, 1093, 1094, 1191, 1192; *Grymes v. Sanders,* 93 U. S., 55; *Vallette v. Bennett,* 69 Ill., 632; *Miller v. Craig,* 3 Stock. [N. J. L.], 175; *Grant v. Davenport,* 18 Ia., 178; *Snodgrass v. Ricketts,* 13 Cal., 359; *Marines v. Goblet,* 9 S. E. Rep. [S. Car.], 803; 2 Pomeroy's Eq. Jur., sec. 810.

MAXWELL, J.

This is an action of ejectment brought by the plaintiff against the defendant, in the district court of Lancaster county, to recover the possession of the northeast quarter of the southwest quarter, section 27, township 10 north, range 6 east, and damages for digging up and carrying 2,000 cubic yards of building sand of the alleged value of $500.

The defendant in his amended answer, First, interposes certain denials, and for a second defense says, " Wealthy P.

Gregory, through whom the plaintiff claims title, is the mother of one John S. Gregory, the plaintiff's counsel of record in this case; that one E. Mary Gregory is the wife of said John S. Gregory; that the plaintiff in this suit is not the real party in interest, but is simply an *alter ego* for said John S. and E. Mary Gregory, who is the real party in interest; that on or about the 17th day of February, 1880, the said John S. Gregory desired to sell to this defendant the said premises, then representing the legal title to be in one Harry E. Wells. He then gave to the plaintiff what he claimed to be the chain of title to said premises, viz., that the title passed from the United States to one Emerson H. Eaton, and from said Eaton to E. Mary Gregory, his wife, by sheriff's deed, from E. Mary Gregory, to John S. Gregory; her husband, to Wealthy P. Gregory, and Wealthy P. Gregory and husband back to E. Mary Gregory and John S., her husband, to Mary E. Sweetland, from Mary E. Sweetland to Harry E. Wells; that the said defendant was induced to rely upon said statement and thereupon purchased said land, taking from said Wells a warranty deed, except taxes and tax deeds, and then believed that he was getting a good and perfect title, except as to outstanding tax title and taxes, and had no actual notice to the contrary; that during the spring of 1880, this defendant took actual possession of said premises, and caused to be erected thereon a small dwelling, which he caused to be occupied; that in the spring of 1881 he caused said premises to be inclosed with a fence, and otherwise to be improved, and from then hitherto continued to hold, occupy, improve and claim said premises for more than four years, without any knowledge that Wealthy P. Gregory, or any other person, claimed any interest therein.

"This defendant, also relying upon his title, did, in the month of June, 1880, buy in the outstanding tax title and tax certificate at a cost to him of about $200; that during all of said time Wealthy P. Gregory resided about 250

feet from the residence of this defendant, and in full view of said premises, and saw this defendant take possession of, and thereafter exercising sole and exclusive control over said premises and improving the same, as his own property, as herein alleged, and repeatedly during all of said period met and conversed with the said W. P. Gregory about property and other matters, without the slightest intimation that she had or claimed any interest in or to said premises. During all of said period, and from thence to the commencement of this suit, this defendant paid all the taxes assessed against said premises.

" This defendant says by reason of the premises, the said Wealthy P. Gregory and her grantee, the plaintiff herein, and those for whom (she) holds, are estopped to claim any interest in or to said premises.

"Third—That Wealthy P. Gregory, under whom plaintiff claims title, derived her title from E. Mary and John S. Gregory, and that thereafter and in June, 1878, the said E. Mary Gregory and John S. Gregory, her husband, conveyed said premises by warranty deed to Mary E. Sweetland, who afterwards conveyed said premises to Harry E. Wells, who conveyed to this plaintiff. And this defendant is advised, and believes and alleges the fact to be, that said Wealthy P. Gregory reconveyed said premises to E. Mary Gregory prior to her conveyance to Mary E. Sweetland, which deed was and is kept from the records by John S. Gregory, the real party in interest in this suit. And if the said Wealthy P. Gregory continued to hold the naked legal title, she held it as naked trustee for John S. and E. Mary Gregory.

" Fourth—That the premises described in the plaintiff's petition were subject to state and county taxes for the year 1874; that for said year said premises were duly assessed and returned for taxation, and taxes were duly levied thereon by the county board of Lancaster county, Nebraska, for said year, which said premises were placed in

the hands of the treasurer of said county for collection; that in default of payment of taxes thereon for said year by the plaintiff or any of his grantors, said premises were, on the 21st day of September, 1875, duly sold by the treasurer of Lancaster county, Nebraska, at public sale, to one F. A. Osborn, for the sum of $22.60, he being the highest and best bidder therefor; that said premises were not redeemed from said sale, and that on the 5th day of February, 1878, on presentation of the certificate of tax sale by Charles L. Flint, the then holder thereon, and on demand for a deed, and the said premises then not having been redeemed, the then treasurer of Lancaster county, Nebraska, executed and delivered to said Charles L. Flint a good, sufficient, and valid deed, after having complied with all the requirements provided by law, which tax deed was, on the 13th day of February, 1878, duly recorded in the office of the county clerk, in book W of deed records, at page 315. This defendant says that said Charles L. Flint by *mesne* conveyances transferred said land to this defendant on the 30th day of June, 1880; that this defendant immediately thereupon entered into the actual possession thereof and has ever since held the peaceable, open, notorious, and adverse possession thereof under claim of title."

The plaintiff, in his reply, denied the new matter contained in the answer.

On the trial of the cause the jury returned a verdict for the defendant, and a motion for a new trial having been overruled, judgment was entered on the verdict.

The testimony tends to show that in January, 1880, the defendant came to this state and purchased land adjoining that now in controversy. At that time he met John S. Gregory, Jr., who offered to sell him the land in controversy and took him to see the property. The defendant made him an offer for the land, which was not accepted at the time, but as the defendant was about to leave the state

temporarily he left the money with his son, A. C. Ricketts, to pay for the land if the proposition should be accepted while he was absent.   John S. called upon A. C. Ricketts and agreed to accept $300, which sum was agreed upon and paid and the deed executed by one Wells, in whom the title then was.   No abstract of title was furnished, but the testimony tends to show that the title was as follows: "From the United States to Emerson H. Eaton; Emerson H. Eaton, by sheriff, to E. Mary Gregory; E. Mary Gregory and John S., her husband, to Wealthy P. Gregory, the mother of John S. Jr.; Wealthy P. Gregory and husband back to E. Mary Gregory; E. Mary Gregory and John S. to Mary E. Sweetland; Mary E. Sweetland to Harry E. Wells."

In May, 1880, the defendant returned to Nebraska and resided but a short distance from the residence of Wealthy P. Gregory.   He enclosed the land in controversy and erected a small dwelling-house thereon and paid about $200 back taxes.   The defendant and Wealthy P. Gregory and husband seem to have been on intimate terms, and Wealthy P. Gregory made no claim to the land until about the year 1884, when she and her husband seem to have claimed an interest in the land.   Nothing was done, however, until the year 1887, when she conveyed to the plaintiff by a quitclaim deed for the sum of $300 cash and a conditional mortgage on the land for $400 more. The land at that time was shown to be worth at least $4,000.   The plaintiff thereupon instituted this action. The defect in the chain of title is from Wealthy P. Gregory to E. Mary Gregory.

The testimony tends to show that such conveyance had actually been made but had not been recorded; that John S. had authority from his mother to sell the land in question and receive payment therefor is clearly established by the testimony, and the jury would not have been justified in finding to the contrary.

The testimony of Mrs. Groff, a sister of John S., who was not called as a witness, but whose statement was admitted without objection, gave a reason why her mother had failed to assert her rights to the land. This reason, as it reflects on a party concerned, will not be stated here.

On the whole case it is apparent that the verdict conforms to the proof and the judgment is

AFFIRMED.

The other judges concur.